IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| RAM THANG,<br><br>    Plaintiff,<br><br>v.<br><br>CHRISTOPHER HEFFRON, Director, U.S. Citizenship and Immigration Services Charlotte Field Office,<br><br>ALEJANDRO MAYORKAS, Secretary, U.S. Department of Homeland Security,<br><br>TRACY RENAUD, Acting Director, U.S. Citizenship and Immigration Services, U.S. Department of Homeland Security,<br><br>    Defendants. | Civil Action No. 21-cv-305<br><br>COMPLAINT FOR WRIT OF MANDAMUS AND COMPLAINT UNDER ADMINISTRATIVE PROCEDURE ACT |

## PLAINTIFF'S ORIGINAL COMPLAINT

Ram Thang ("Mr. Thang" or "Plaintiff"), by and through undersigned counsel, files this Complaint against the U.S. Department of Homeland Security, including Christopher Heffron, Alejandro Mayorkas and Tracy Renaud (collectively, "Defendants"), in their official capacities, and states the following:

## INTRODUCTION

1. Plaintiff Mr. Thang, a lawful permanent resident of the United States and resident of Charlotte, North Carolina, seeks an order compelling Defendants to reschedule his citizenship interview that was previously scheduled for October 30, 2017 at the United States Citizenship

1

and Immigration Services ("USCIS") Field Office in Charlotte, North Carolina, but inexplicably cancelled on October 17, 2017.

2. As a result, Mr. Thang's dream of becoming a United States citizen has been delayed by more than three-and-a-half years.

3. During this timeframe, Plaintiff submitted multiple status inquiries to USCIS as well as requested assistance from the USCIS Ombudsman Office, to no avail.

4. Defendants' subsequent refusal to reschedule Mr. Thang's citizenship interview for more than three-and-a-half years is a violation of their mandatory duty under the Immigration and Nationality Act ("INA") and the Administrative Procedure Act ("APA").

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1346(b) (federal defendant), 5 U.S.C. § 704 (APA), and 28 U.S.C. § 1361 (mandamus).

6. Venue is properly with this Court pursuant to 28 U.S.C. § 1391(e), because this is a civil action in which Defendants are employees or officers of the United States, acting in their official capacity; because Plaintiff is a resident of Charlotte, North Carolina; because a substantial part of the events or omissions giving rise to the claim occurred in Charlotte, North Carolina, specifically the fact that Mr. Thang's citizenship interview was scheduled to occur at the USCIS Charlotte Field Office; and because there is no real property involved in this action.

## STANDING

7. Mr. Thang has standing to bring this action as a lawful permanent resident whose citizenship interview USCIS has failed to reschedule in the more than three-and-a-half years since abruptly cancelling the previously scheduled citizenship interview, which was set for October 30, 2017.

2

Case 3:21-cv-00305-FDW-DCK    Document 1    Filed 06/25/21    Page 2 of 8

## PARTIES

8. Plaintiff Ram Thang resides in Charlotte, North Carolina.

9. Defendant Christopher Heffron is the Director who oversees the USCIS Field Office responsible for conducting the citizenship interview at issue in this case. Defendant Heffron is sued in his official capacity.

10. Defendant Alejandro Mayorkas is Secretary of the Department of Homeland Security ("DHS"), the department encompassing USCIS, which is responsible for administration and enforcement of the immigration and nationality laws of the United States. Defendant Mayorkas is sued in his official capacity.

11. Defendant Tracy Renaud is the Acting Director of USCIS, the agency that oversees the field office responsible for conducting the citizenship interview at issue in this case. Defendant Renaud is sued in her official capacity.

## LEGAL BACKGROUND

12. Under U.S. immigration law, a lawful permanent resident, commonly referred to as a "green card" holder, may apply to the United States government for naturalization and become a U.S. citizen.

13. This process requires that the applicant obtain and maintain lawful permanent resident status for a requisite period of time, which varies based on the method by which lawful permanent resident status was obtained; file a Form N-400 "Application for Naturalization"; pay the filing fee, if applicable; and provide all required evidence and supporting documentation.

14. Once USCIS receives these submissions, it issues a receipt notice, schedules a naturalization interview, and issues a decision either accepting or rejecting the petition.

# FACTUAL AND PROCEDURAL BACKGROUND

15. Mr. Thang is a native and citizen of Burma, also known as Myanmar. Due to a widespread humanitarian crisis in his country of birth, Mr. Thang was admitted to the United States on May 11, 2011, as a refugee pursuant to INA § 207(c)(2); 8 U.S.C. § 1157(c)(2), which regulates the annual admission of refugees into the United States.

16. In 2013, Mr. Thang applied for lawful permanent resident status pursuant to INA § 209(a); 8 U.S.C. § 1159(a). USCIS approved Mr. Thang's application and he was admitted as a lawful permanent resident as of May 11, 2011, the date of his arrival in the United States as a refugee. *See* 8 C.F.R. § 1209.1(e).

17. On May 11, 2017, Mr. Thang submitted a Form N-400 "Application for Naturalization," which USCIS accepted.

18. On September 22, 2017, USCIS issued a Form I-797C, Notice of Action, requesting that Mr. Thang appear at the USCIS Charlotte Field Office on October 30, 2017, for his naturalization interview. *See* **Exhibit 1** for a copy of the Notice of Action.

19. In a letter dated October 16, 2017, USCIS notified Mr. Thang that his scheduled naturalization interview was cancelled "due to unforeseen circumstances" and stated that USCIS "will notify you of any further action taken on this case, including any rescheduled interview information, under separate notice." *See* **Exhibit 2** for a copy of the USCIS letter cancelling the naturalization interview.

20. On March 8, 2018, Mr. Thang notified USCIS of his change of address, which USCIS acknowledged on March 15, 2018.

21. Sometime during the first half of 2019, Mr. Thang submitted at least one service request to USCIS, confirmation number T-1B0671803827MSC.

22. On July 17, 2019, Mr. Thang hired counsel to represent him in his efforts to have USCIS reschedule his naturalization interview.

23. Thereafter, counsel for Mr. Thang submitted three (3) service requests to USCIS: by mail on July 24, 2019, online inquiry on September 5, 2019 (Request ID SR12481901007CLT), and by phone on October 30, 2019 (Request ID WKD3031902909CLT). In response, USCIS stated that Mr. Thang's application was pending adjudication and that the agency was unable to move forward until the required background checks had been completed.

24. On January 15, 2020, Mr. Thang's counsel initiated a USCIS Ombudsman Inquiry (#202000526). The USCIS Ombudsman Office was established to assist individuals and employers in resolving case problems with USCIS. The Ombudsman's own webpage characterizes itself as "an office of last resort." *See* https://www.dhs.gov/case-assistance.

25. On March 27, 2020, the USCIS Ombudsman replied that Mr. Thang's case was under review but that USCIS was unable to provide a specific timeframe for resolution of the case. Mr. Thang's counsel received follow up communications from the USCIS Ombudsman on June 19, 2020, September 29, 2020, and June 15, 2021, simply stating that the Ombudsman had "followed up with [USCIS] regarding your pending application or petition" but provided no further information regarding the delayed adjudication.

26. At this point, Mr. Thang reasonably concluded that filing a lawsuit in federal district court was his last and best chance to compel USCIS to reschedule his naturalization interview after a more than three-and-a-half-year delay and given that no specific and credible information had been provided as to why the interview cannot occur.

///

///

## STATEMENT OF CLAIMS

### COUNT 1: Mandamus (All Defendants)

27. Plaintiff realleges and incorporates by reference, as if fully set forth herein, all the allegations set forth above.

28. The mandamus statute permits a court to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. *See* 28 U.S.C. § 1361.

29. Defendants have a nondiscretionary duty to reschedule Plaintiff's naturalization interview, which is required to complete the adjudication of his application for naturalization.

30. Plaintiff has no other adequate remedy available to him to compel Defendants to adjudicate his N-400 application.

### COUNT 2: Administrative Procedure Act (All Defendants)

31. Plaintiff realleges and incorporates by reference, as if fully set forth herein, all the allegations set forth above.

32. Pursuant to 5 U.S.C. § 706(1)(A), a reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed."

33. Plaintiff notes that the now three-and-a-half-year delay far exceeds Congress's recommended processing time of 180 days for immigrant benefit applications. *See* 8 U.S.C. § 1571.

34. Moreover, the three-and-a-half-year delay far exceeds USCIS's own case processing time. Enclosed at **Exhibit 3**, please find a chart reflecting that, as of June 25, 2021, the average processing time for an N-400 Application for Naturalization at the Charlotte, NC Field Office is "7.5 Months to 15.5 Months."

35. Additionally, the three-and-a-half-year delay has caused Mr. Thang significant hardship. For example, Mr. Thang would like to marry someone from Myanmar and apply for his future fiancée to come to the United States – a benefit available only to U.S. citizen petitioners, not lawful permanent residents. Additionally, given that Mr. Thang came to the United States as a refugee, he is unable to leave the country because he lacks the ability to obtain a secure travel document, such as a passport, to ensure his ability to travel abroad and safely return to the United States.

36. Moreover, any claim by USCIS that it has needed three-and-a-half-years to complete Mr. Thang's background check should be closely scrutinized. As an individual admitted to the United States as a refugee, Mr. Thang's background was previously reviewed by multiple government agencies and checked against various agency databases including the U.S. Department of State, the Federal Bureau of Investigation, Customs and Border Protection and USCIS itself. Enclosed at **Exhibit 4**, please find information from USCIS outlining the exhaustive refugee resettlement and admissions process.

37. Mr. Thang is a lawful permanent resident who strongly desires to become a United States citizen. For the past three-and-a-half years he has tirelessly and consistently prodded Defendants through all means available to him including multiple USICS service requests, the USCIS Ombudsman and, finally, suing the United States government in federal district court.

38. By failing to reschedule Mr. Thang's citizenship interview and render a decision on his N-400 Application for Naturalization, Defendants are violating the Administrative Procedure Act by unlawfully and unreasonably withholding agency action in his case.

///

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

1. Assume jurisdiction over this matter;

2. Order Defendants to reschedule Plaintiff's naturalization interview within 30 days of the Court's Order;

3. Award reasonable attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), 5 U.S.C. § 504, or any other applicable law; and

4. Grant such other relief as the Court deems just, equitable and proper.


Dated: June 25, 2021

Respectfully submitted,

s/ D. Nicholas Harling
D. Nicholas Harling
N.C. Bar # Number 57026
Attorney for Plaintiffs

GARFINKEL IMMIGRATION LAW FIRM
6100 Fairview Road, Suite 200
Charlotte, NC 28210
Telephone: (704) 442-8000
Facsimile: (704) 442-8080
nick.harling@garfinkelimmigration.com